No. 66.—JAMES S. MILLER and others, plaintiffs in error, *vs.* IRVIN J. SAUNDERS and others, defendants in error.

[1.] If complainants put into the shape of a supplemental bill, that which properly should be in the form of a petition for an interlocutory order, the Chancellor should not, on that account, turn the case out of Court. He may, perhaps, shape his order so as to grant what is asked, notwithstanding the form of the proceeding, if he find that justice requires it; or he may direct an amendment, in point of form.

[2.] Though the complainants inaccurately denominate the writ which is asked for, "*a writ of quia timet;*" yet, if the prayer be such as is otherwise proper to *a bill of quia timet,* and the proceeding be sufficient, in other respects, the Chancellor may act upon it.

[3.] When such a proceeding is based upon an original bill, and when it sets forth that the allegations of that bill show the right of the complainants to recover, without setting forth these allegations, and without annexing said bill, the proceeding is deficient.

[4.] Such a proceeding is also deficient, if it require bond and security of the defendant for his appearance with the property, &c. and yet fails to set forth the value of that property, or the amount for which suit is brought.

In Equity, in Dougherty Superior Court. Decision by Judge PERKINS, at June Term, 1855.

Irvin J. Saunders and others filed a bill, supplemental to a former bill, alleging, that they had filed the former bill to recover certain negroes, and that "the charges and allegations in said bill, are such as entitle them to recover;" and that they had charged that said defendants had combined, by levy and sale under a certain *fi. fa.* to defraud complainants;

and that they had obtained an injunction restraining any far-
ther proceedings against said negroes, until final order and
decree on the bill.   This bill charged that Miller's land had
been levied on and was about to be sold; that Miller had
sent three of the negroes out of the State, and speaks of go-
ing himself; that they have reason to fear, and do fear, that
Miller intends and will run off said negroes out of the State.
The prayer was for a writ of *quia timet,* to arrest Miller and
the negroes and them keep, until he gave bond and security,
that the negroes will be forthcoming, to answer the decree in
this cause.

To this bill James S. Miller demurred, on various grounds—

1st.  Because the allegations are too uncertain and indefi-
nite.

2d.  Because complainants refer to another bill or proceed-
ing, without attaching the same as an exhibit.

3d.  Because the bill does not set forth the material allega-
tions, in the bill to which it is supplemental.

4th.  Because there was no order or leave of Court first
had, before the filing of this bill of *quia timet.*

5th.  Because there was an adequate Common Law remedy.

6th.  Because the affidavit of complainant to said bill, is
insufficient.

This affidavit stated, " that the facts stated, so far as they
are charged, of his own knowledge, are true; and so far as
charged on information, he believes them to be true; and that
he verily believed and feared, that James S. Miller intends to
abscond from the State, and take off with him all the proper
ty in his possession, which he can move, unless prevented, by
process, from doing so."

The Court below over-ruled the demurrer, and this decision
is assigned as error.


STROZIER & SLAUGHTER, for plaintiffs in error.


WARREN & WARREN, for defendants in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] Accurately, this is not a case in which a supplemental bill should be filed.   It would have been better if the proceeding had been by petition, praying an interlocutory order. But this objection does not touch the merits of the case, and is little more than a question of form.   If the complainants were entitled to have their prayer granted, the Chancellor might, even in this proceeding, so shape his order as to grant what is asked.   It would have been hardly just, therefore, for him to have turned these complainants out of Court on this ground, though he might have directed an amendment, in point of form.

[2.] It is true, too, that correctly speaking, there is no such writ as *a writ of quia timet*.   But this, also, is mere irregularity as to form.   In point of substance, the writ asked for here, is a writ of prevention, to accomplish the ends of precautionary justice; the prayer is for such an interposition of the Chancellor as will prevent irreparable mischief; and such is the office of *a bill of quia timet*.   Hence, although the form be inaccurate, in praying for *the writ of quia timet*; yet, if the proceeding be sufficient, in other respects, the Court may act upon it.   Is the proceeding otherwise sufficient?

[3.] We are of opinion that it is not; because, in the first place, this proceeding rests upon the first bill as a basis, whatever may be its form; and the facts contained in that first bill are not set forth, nor is that bill made an exhibit; nor does it appear any where in the record before us.   The pleader has contented himself with a general reference to that bill, as having been filed, and with a statement, that "the charges and allegations in said bill are such as entitle them to recover."   What these allegations are, does not appear; and we are, consequently, not enabled to say whether this statement be correct or not.   Nor does it appear, whether or not the first bill was before the Chancellor when the order

was granted. And therefore it is, that according to the record, that judgment has been improvidently rendered.

[4.] But there appears to us another reason why this is so. Admitting that it is shown that these complainants are entitled to recover these slaves, and hire for them, at the rate of twelve hundred and twenty dollars a year; yet, they have not stated, any where in the record, what is the value of the slaves, nor for how many years they are entitled to recover hire, nor how much, in the aggregate, they are thus entitled to recover. So that no guide or measure is afforded to the Sheriff, by which he may determine the mount of the bond and arrange the security.

On this ground also, the judgment should be reversed.